UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 18-0126 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MARK ALAN YODER | |

## MEMORANDUM RULING

Before the Court is a motion captioned as a "petition for full restoration of rights" by Defendant Mark Yoder ("Yoder"). Record Document 6. For the following reasons, Yoder's motion [Record Document 6] is **DENIED**.

## Background

In 2016, Yoder was convicted and sentenced in the Southern District of Florida in two criminal actions. First, he was found guilty of five counts of bank fraud, in violation of 18 U.S.C. § 1344, and four counts of mail fraud, in violation of 18 U.S.C. § 1341. Verdict Form, *United States v. Yoder*, No. 15-14069 (S.D. Fla. Mar. 22, 2016), ECF No. 83. Then, he was found guilty of failure to appear, as required by conditions of his release, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i). Verdict Form, *United States v. Yoder*, No. 16-14038 (S.D. Fla. Oct. 12, 2016), ECF No. 24. After serving his term of imprisonment, Yoder was placed on supervised release. On June 8, 2018, supervision of Yoder was transferred to the Western District of Louisiana. In August 2021, with the approval of the Government and the United States Probation Office, the Court granted termination of Yoder's supervised release eleven months early. Record Document 5.

In the instant motion captioned as a "petition for full restoration of rights," Yoder moves the Court to restore his rights to vote and to own a firearm. Record Document 6 at 3-5. He cites a case from the United States Court of Appeals for the Ninth Circuit holding unconstitutional a federal law banning convicted felons from possessing guns, at least as applied to those convicted of nonviolent felonies. *Id.* at 4. Yoder then "ask[s] the court to utilize its discretion in this case, consider the facts as stated [in his motion], and grant the [p]etition." *Id.*

## **Law & Analysis**

To the extent Yoder seeks to challenge the constitutionality of any laws that prohibit convicted felons from possessing guns, he does not present the Court with a case or controversy over which it can rule. Article III courts are courts of limited jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). As the Government correctly argues in its opposition brief, Yoder does not have a pending charge or conviction for possession of a firearm. Record Document 9 at 2. Therefore, there is no present controversy over which this Court has jurisdiction. Prospective declaratory judgment as to the constitutionality of 18 U.S.C. § 922(g)(1), the statute prohibiting possession of a firearm by a convicted felon, cannot be sought in Yoder's current posture before the Court.[1]

---

[1] In his motion, Yoder cites a Ninth Circuit decision ruling on the constitutionality of 18 U.S.C. § 922(g)(1). *See* Record Document 6 (citing *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024)). That decision has since been vacated so that the case can be heard en banc. *United States v. Duarte*, 108 F.4th 786, 786 (9th Cir. 2024). Further, the Court notes that the Fifth Circuit recently rejected a facial challenge to § 922(g)(1), as well as an as-applied challenge to a felon whose relevant convictions were car theft, evading arrest, and possessing a firearm as a felon. *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024).

What Yoder requests is that the Court nullify any consequences of his convictions. But this Court does not have the authority—discretionary or otherwise—to do so. "[R]estoration of civil rights is a matter 'governed by the law of the convicting jurisdiction.'" *Drake v. United States*, 538 F. App'x 584, 584 (5th Cir. 2013) (quoting *Beecham v. United States*, 511 U.S. 368 (1994)).

Disabilities imposed on Yoder as a federal felon through federal law, including those restricting his right to gun ownership, can only be nullified through a federal expungement, pardon, or restoration of civil rights. *See* 18 U.S.C. § 921(a)(20); *Beechman*, 511 U.S. at 371-73. The Court does not have the authority to pardon Yoder because "[t]he President is the only entity with the power to grant clemency for federal offenses. ... Thus, to the extent that [a defendant] ask[s] the courts to order the President to award h[is] clemency, [the courts] lack jurisdiction to do so." *Fleming v. Upton*, 745 F. App'x 544 (5th Cir. 2018) (citing *Harbison v. Bell*, 556 U.S. 180, 187 (2009)). The Court does not have the authority to expunge Yoder's federal conviction because there is no general right to an expungement. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997). Generally, "courts have used expungement as a *remedy* for other constitutional or statutorily-created rights." *Id.* at 697. Finally, the Court does not have the authority to process a general request for restoration of rights; there is no such federal procedure available through the courts. *See Beechman*, 511 U.S. at 371-73.

Disabilities imposed on Yoder as a federal felon through state law are not within the purview of the federal courts unless they restrict a federal or constitutional right. The Louisiana Constitution restricts the right to vote for a person "who is under an order of

imprisonment for conviction of a felony." La. Const. art. I, § 10. The Fifth Circuit has held that states can restrict a felon's right to vote. *Hopkins v. Watson*, 108 F.4th 371, 392 (5th Cir. 2024). To hold otherwise would "thwart the ability of the State's legislature and citizens to determine their voting qualifications, and would require federal courts overtly to make legislative choices that, in our federal system, belong at the State level." *Id.* Therefore, the Court cannot disturb any disability that this section of the Louisiana Constitution imposes on Yoder.

In sum, this Court does not have the authority to disturb any disabilities imposed on Yoder as a result of his convictions. If Yoder has questions about his rights in Louisiana to vote and/or own a firearm, he should consult an attorney. This Court cannot provide litigants legal advice.

## Conclusion

For the reasons assigned herein, **IT IS ORDERED** Yoder's motion captioned as a "petition for full restoration of rights" [Record Document 6] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 8th day of January, 2025.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE